UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CANDACE REED,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE AMBULANCE NETWORK MANAGEMENT LLC and LIFELINE CONCORD, LLC,<br><br>    Defendants. | Case No. 25-cv-10594<br><br>Honorable Robert J. White |

**STIPULATED ORDER FOR APPROVAL OF SETTLEMENT AGREEMENT**

WHEREAS, Plaintiff Candace Reed ("Plaintiff") filed this action against Defendants Lifeline Concord, LLC ("Lifeline") and Life Ambulance Network (collectively referred to as "Defendants") (Plaintiff and Defendants are collectively referred to as "the Parties") alleging claims under Michigan's Whistleblower Protection Act, MCL §15.361, *et seq*. ("WPA"), retaliatory discharge in violation of public policy, Fair Labor Standards Act, 29 USC §201, *et seq*. ("FLSA"), breach of contract, and violations of the Michigan's Workforce Opportunity Wage Act ("WOWA"), MCL §408.411.

WHEREAS, Defendants deny the allegations contained in the Lawsuit and any other alleged violation of law.

WHEREAS, the Parties have agreed upon a settlement amount, the material settlement terms, and have executed a Confidential Settlement Agreement and Release (the "Agreement").

WHEREAS, the Parties contend that while judicial approval of the Parties' Agreement may not be necessary for it to be enforceable in light of recent developments within the Sixth Circuit, see *Gilstrap v. Sushinati LLC*, 734 F.Supp.3d 710, 713 (S.D. Ohio 2024) and *Reid v. Peterson Farms, Inc.*, No. 1:24-CV-340, 2024 WL 5374819, at *1 (W.D. Mich. Dec. 9, 2024), out of an abundance of caution by the Parties, the Parties submit this stipulated order and the Agreement for the Court's approval, in particular with regard to the settlement and release of Plaintiff's claims asserted under the FLSA. *See Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982); *see also Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 144400 at *1 (E.D. Mich. Jan. 12, 2015); *Toliver v. JBS Plainwell, Inc.*, No. 11-CV-302, 2015 WL 11254741 at *1 (W.D. Mich. May 13, 2015).

WHEREAS the Parties negotiated a confidentiality agreement as part of the Agreement in consideration for the promises and covenants agreed to by the Parties, which requires the Parties to keep the terms, provisions, and amount of the settlement confidential. The confidentiality provision in the Agreement is a key

aspect of the Parties' Agreement. Specifically, the Parties specifically negotiated a resolution reflecting the merits of Plaintiff's primary claims, which were the retaliation claims under the WPA and Michigan public policy. Consequently, the filing of the Agreement will not materially further an understanding of the resolution of Plaintiff's FLSA claims. Plaintiff's claims and the other documents filed in this case will provide the public sufficient background about the nature and resolution of this matter.

WHEREAS, the Parties have agreed to submit the Agreement to the Court for the Court's *in camera* review and approval.

WHEREAS, the Parties' Agreement represents a reasonable compromise of Plaintiff's claims, which the parties recognize would otherwise require extensive litigation to determine. The Agreement was negotiated on behalf of the Parties by counsel experienced in employment claims, including under the FLSA. Both the Parties and their respective counsel agree the Agreement, as submitted, is in the best interest of the Parties. Further, the Agreement fairly and reasonably comprises each Party's interests, benefits, and rights. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *Williams v. K&K Assisted Living, LLC*, 15-CV-11565, 2016 WL 319596 at *1 (E.D. Mich. Jan. 27, 2016); *Cruz v. Don Pancho Mkt., LLC*, No. 15-CV-698, 2016 WL 4505747 at *1 (W.D. Mich. Aug. 29, 2016); *Toliver*, 2015 WL 11254741 at *1;

*Walker v. Ryan Transp, Inc.*, No. 20-cv-11688; 2021 WL 2786547 at *2 (E.D. Mich. June 15, 2021).

WHEREAS, the Court, after having conducted an *in camera* review of the Confidential Settlement Agreement and Release and being satisfied that it is a fair and reasonable settlement of Plaintiff's claims, and the Court being otherwise fully advised in the premises.

IT IS HEREBY ORDERED that the Confidential Settlement Agreement and Release be and is approved, as submitted.

SO ORDERED.

Dated: September 30, 2025
s/Robert J. White
Robert J. White
United States District Judge

**STIPULATED TO:**

/s/ Mallorie M. Baylock-Danna
Eric Stempien (P58703)
Mallorie M. Blaylock-Danna (P84331)
Attorneys for Plaintiff

/s/ Ryan J. Koss
Ryan J. Koss (P79893)
Mary S. Rabban (P85429)
Attorneys for Defendants

Dated: August 6, 2025

4